*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1168**

Rojelio Castillo, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 31, 2016
Affirmed
Halbrooks, Judge**

Ramsey County District Court
File No. 62-K7-06-003734

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the denial of his postconviction petition. We affirm.

## FACTS

On July 26, 2006, police apprehended appellant Rojelio Castillo in a motel room in St. Paul. They found more than 20 grams of methamphetamine in the room close to where they arrested Castillo. Based on the July 26 incident and another incident a week earlier, Castillo was charged with two counts of second-degree controlled-substance crime—one for sale of a controlled substance and one for possession of a controlled substance with intent to sell. Minn. Stat. § 152.022, subd. 1(1) (2006). On February 14, 2007, Castillo pleaded guilty to second-degree possession of a controlled substance with intent to sell. The district court sentenced him to 88 months in prison.

On July 18, 2014, Castillo petitioned for postconviction relief, citing testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL) that first came to light in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012).[1] Castillo argued that his petition is not time-barred and that he is entitled to postconviction relief on the grounds of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The postconviction court denied Castillo's petition without an evidentiary hearing on the ground that it was untimely. This appeal follows.[2]

---

[1] Castillo filed three similar petitions for postconviction relief on the same day for different unlawful-possession-of-a-controlled-substance convictions.

[2] The postconviction court denied Castillo's other petitions as well. He appealed the denials of those petitions to this court in case numbers A15-1642, A15-1196, and A15-1176.

**D E C I S I O N**

Castillo argues that the petition should not have been denied as untimely because it meets the newly discovered evidence and the interests-of-justice exceptions to the two-year time limit for filing a postconviction petition for relief. The postconviction court concluded that neither exception applies to Castillo's petition. We review the denial of a petition for postconviction relief without an evidentiary hearing for an abuse of discretion. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotations omitted).

Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions, unless the petition is filed two years after the date the claim based on the exception arises. *Id.*, subds. 4(b)-(c) (2014). If a postconviction petitioner fails to satisfy one of the statutory exceptions, the petitioner is not entitled to relief or an evidentiary hearing. *Roberts*, 856 N.W.2d at 290.

**The Newly Discovered Evidence Exception**

A postconviction court may hear an untimely postconviction petition under the newly discovered evidence exception if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the exercise of due diligence by the petitioner or his attorney within the two-year time limit, (3) the

evidence is not cumulative, (4) the evidence is not solely for impeachment, and (5) the evidence demonstrates the petitioner's innocence by clear and convincing evidence. *Id.* To meet the exception, all five criteria must be satisfied. *Id.*

In *Roberts v. State*, we rejected the argument that the SPPDCL's testing deficiencies discovered in 2012 meet the requirements of the newly discovered evidence exception because Roberts failed to show that he could not have discovered the deficiencies through the exercise of due diligence and that the deficiencies did not establish by clear and convincing evidence that he was innocent. *Id.* at 291-92. Castillo's argument fails for the same reasons.

The criminal complaint filed against Castillo alleged that the crime lab tested the packages found near Castillo to determine if they contained methamphetamine. Castillo, like Roberts, knew that the charges were based on the test results, and he had access to them under the applicable discovery rules. *See* Minn. R. Crim. P. 9.01, subd. 1(4). Castillo argues that the evidence could not have been discovered through due diligence because the lab deficiencies were not discovered until 2012. But we addressed the same argument in *Roberts*, concluding that the fact that defense counsel discovered the deficiencies in 2012 demonstrated that they could have been discovered earlier had a defendant challenged the lab results and procedures. 856 N.W.2d at 291. Like Roberts, Castillo failed to show that he made any effort to challenge the test results or was prevented from doing so.

Castillo attempts to distinguish *Roberts* on the basis of an affidavit filed in his case that he argues establishes that the crime-lab deficiencies could not have been discovered earlier through due diligence. But the affidavit does not distinguish this case from *Roberts*.

4

In her affidavit, Lauri Traub, one of the attorneys who discovered the issues with the SPPDCL, outlines how she learned about the lab's deficiencies and when she believes they started. Nothing in the affidavit alleges a fact that shows that it was not possible to discover the deficiencies before 2012 through the exercise of due diligence.

Further, Castillo has not shown that the evidence would have proved under a clear and convincing standard that he is innocent. In *Roberts*, we held that the sufficiency of the training, knowledge, and the practices of the SPPDCL alone were insufficient to prove by clear and convincing evidence that Roberts was innocent. *Id.* Castillo, like Roberts, does not offer any evidence regarding the chemical composition of the packages confiscated by the police. And Castillo, similar to Roberts, has never claimed that the substance was not methamphetamine. He admitted that the substance was methamphetamine during the plea hearing, and it was his admission that was used to convict him—not the test results.

**The Interests-of-Justice Exception**

"Under the interests-of-justice exception, a court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id.* at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5) (2012)). The exception only applies when the petition has "substantive merit" and the petitioner has not "deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* (quotation omitted).

We need not consider Castillo's argument that his petition has substantive merit based on newly discovered evidence, a *Brady* violation, or a violation of due process because a counseled guilty plea "has traditionally operated, in Minnesota and in other

5

jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)). Castillo pleaded guilty to second-degree possession of a controlled substance with intent to sell. He was represented by counsel and signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence through cross-examination or impeachment, and was not claiming that he was innocent. Because Castillo waived his evidentiary and procedural challenges when he entered into a counseled guilty plea, we need only address whether Castillo is entitled to withdraw his guilty plea on the basis of manifest injustice or ineffective assistance of counsel.

Minn. R. Crim. P. 15.05, subd. 1 provides that a "court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." If a guilty plea is not accurate, voluntary, and intelligent, then a manifest injustice occurs. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Castillo argues that his plea was not accurate, voluntary, or intelligent. We disagree.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Castillo pleaded guilty to second-degree possession of a controlled substance with intent to sell. A person is guilty of second-degree possession of a controlled substance under Minn. Stat. § 152.022, subd. 1(1), if "on one or more occasions within a 90-day period the person unlawfully sells one or more mixtures of a total weight of three grams or more containing cocaine, heroin, or methamphetamine."

6

"Sell" is defined in the statute as, among other things, "(3) to possess with intent to perform an act listed in clause (1)." Minn. Stat. § 152.01, subd. 15a(3) (2006). The large quantity of methamphetamine in this case demonstrates an intent to sell or distribute the drug. *See State v. Hanson*, 800 N.W.2d 618, 623 (Minn. 2011) ("Evidence tending to show an intent to sell or distribute includes evidence as to the large quantity of drugs possessed . . . .").

Castillo admitted during the plea hearing that he was in the motel room on July 26, 2006 to sell narcotics. He further admitted that he possessed more than six grams of methamphetamine in the room and that more than 20 grams of methamphetamine were found near where the police apprehended him. Those admissions provide a proper factual basis to establish the elements of the crime and support the accuracy of the plea.

Courts assess whether a plea is voluntary by considering all relevant circumstances to determine if the defendant pleaded guilty due to improper pressure or coercion. *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Castillo did not challenge the lab test results and did not dispute that the packages obtained by the police contained methamphetamine. He does not claim that he was pressured or coerced into not testing the results. To the contrary, the plea agreement that Castillo signed and acknowledged at the plea hearing stated that no one threatened him or made him any promises to obtain a guilty plea other than those stated in the agreement or during the plea hearing. Those facts are sufficient to show that Castillo's plea was voluntary.

For a guilty plea to be intelligent, the defendant must understand "the charges against him, the rights he is waiving, and the consequences of his plea." *Id.* "'Consequences' refers to a plea's direct consequences, namely the maximum sentence and

fine." *Id.* (quotation omitted). Castillo claims that he did not understand the scope of his right to challenge the evidence before he waived it. But Castillo signed a plea petition in which he acknowledged that he understood that he was giving up the right to a jury trial, the right to question the state's evidence by cross-examining its witnesses, and the ability to call his own witnesses to testify. He testified at the plea hearing in response to questions from his attorney that he understood those rights. Castillo cannot now claim that he did not understand his right to challenge the evidence because he has discovered that there may have been deficiencies in SPPDCL's procedures when he never asserted that the substance found in the room was not methamphetamine. We conclude that his guilty plea was made knowingly, voluntarily, and intelligently.

In order for Castillo to prevail on his argument that he received ineffective assistance of counsel, he must demonstrate that his counsel's "representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064 (1984). He must also establish that he was prejudiced by showing that there exists a "reasonable probability" that "but for the alleged errors of his counsel, he would not have pleaded guilty." *State v. Ecker*, 524 N.W.2d 712, 718 (Minn. 1994). To meet the objective standard of reasonableness, an attorney must exercise the "customary skills and diligence that a reasonably competent attorney would [exercise] under similar circumstances." *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014) (quotation omitted). We presume that a trial counsel's performance was reasonable. *Id.* at 266.

Castillo contends that his attorney's representation was not reasonable because he did not demand and review the SPPDCL file. Castillo does not allege that his attorney

8

failed to discuss this option with him or advised him not to challenge the test results. He also fails to provide evidence that it was customary practice of defense attorneys in 2006-2007 to request SPPDCL files for cases involving controlled substances. To the contrary, Traub's affidavit indicates that understanding the deficiencies of the crime lab went beyond her standard training as a public defender. Thus, Castillo has failed to show that his attorney's representation was unreasonable. We conclude that the postconviction court acted within its discretion by denying Castillo's postconviction petition.

**Affirmed.**